CUPPLES BROTHERS, Cupples Farms, a partnership, Gracie M. Cupples, Horace E. Cupples, Jr., Appellants,

v.

**FEDERAL LAND BANK OF ST. LOUIS, Appellee.**

No. 91–1126.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1991.

Decided Dec. 11, 1991.

Rehearing and Rehearing En Banc Denied Feb. 6, 1992.

---

Roy C. Lewellen, Marianna, Ark., argued (Robert S. Irving, Little Rock, Ark., on the brief), for appellants.

William A. Waddell, Jr., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Horace and Gracie Cupples and Cupples Brothers, a partnership, appeal from a district court[1] order denying their request for a declaratory judgment that a deficiency judgment was extinguished by a previous district court order and the Agricultural Credit Act of 1987, 12 U.S.C.A. § 2001–2279 (West 1989 & Supp.1991). The Cupples argue that the district court erred in interpreting a 1987 judgment entered against them and by holding that the Agricultural Credit Act does not preempt state

law with respect to outstanding judgment deficiencies. They also assert that they should be allowed to reacquire their farmlands under their right of first refusal, 12 U.S.C. § 2219a(b) (1988), or by participating in the public offering pursuant to 12 U.S.C. § 2219a(d) (1988). We affirm the district court's judgment.

On December 29, 1987, the Federal Land Bank of St. Louis obtained judgments against Horace and Gracie Cupples and Cupples Brothers on promissory notes secured by two parcels of farmland, one located in Crittenden County, Arkansas, and the other in St. Francis County, Arkansas. *Federal Land Bank v. Cupples Brothers*, No. J–C–86–21, slip op. at 6, 8 (E.D.Ark. Dec. 29, 1987). The total amount of the judgment was $807,981.70, plus interest. *Id.* The judgment provided, in part:

> ... that if ... The Federal Land Bank of St. Louis, shall become a purchaser at [a foreclosure] sale in an amount not in excess of the judgment and costs herein, in lieu of giving bond, [the bank] may credit the amount of the bid less the costs of this proceeding, including the Commissioner's fee, upon the judgment herein rendered, at the time of the confirmation of such sale, which credit shall be an extinguishment of this judgment, provided further that if the amount bid by plaintiff shall exceed the amount of the judgment and costs, bond shall be required only for the excess.

*Id.* at 9.

On June 14, 1990, the bank purchased the Crittenden County farmland for $303,-000, and the St. Francis County farmland for $159,000 at a public auction, leaving a deficiency of approximately $338,000.

On August 7, 1990, the bank notified the Cupples of their right of first refusal under 12 U.S.C. § 2219a(b). On September 6, 1990, Horace Cupples offered the bank $305,000 for the Crittenden County farmland and $160,000 for the St. Francis County farmland. The bank rejected both offers because they were "less than the ap-

---

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

praised fair market value" of the properties.

On November 1, 1990, the bank notified the Cupples of the pending auction of the two parcels of farmland and of the Cupples' right to match the high bid under 12 U.S.C. § 2219a(d). The bank set the minimum qualifying bids at $318,600 for the Crittenden County farmland and $168,000 for the St. Francis County farmland.

On November 6, 1990, the bank notified the Cupples that the properties would be auctioned on December 13, 1990, and again explained the Cupples' right to match the high bid pursuant to section 2219a(d).

The Cupples contend that they were prepared to repurchase their property either pursuant to their right of first refusal, 12 U.S.C. § 2219a(b),[2] or by matching the highest bid at a scheduled public offering, 12 U.S.C. 2219a(d),[3] provided that the bank's purchase of the properties extinguished any deficiency judgment against them.[4] On December 7, 1990, the Cupples filed a complaint seeking a declaratory order that: (1) the bank's purchase of the properties extinguished the entire judgment against them; (2) the right of first refusal contained in the Agricultural Credit Act preempted state law providing for a judgment deficiency and extinguished any deficiency against them; (3) the bank failed to comply with the provisions of 12 U.S.C. § 2219a(b)(5) and the Cupples are entitled to purchase the properties for the minimum

bid amounts; (4) the bank violated 12 U.S.C. § 2219a(d) under which the Cupples are entitled to match the highest bid for the properties at a public auction. On December 12, the Cupples filed a motion for a temporary restraining order or a temporary injunction so as to prevent the bank from selling the land at a public auction. After a hearing, the district court held that the judgment deficiency had not been extinguished under any of the Cupples' theories. The court denied the Cupples' motion for a temporary restraining order and allowed the auction to proceed.[5]  *Cupples Brothers v. Federal Land Bank*, J–C–90–277, Slip op. at 6–7 (E.D.Ark. Dec. 13, 1990). This appeal followed.

I.

The Cupples first argue that the district court erred in holding that the entire judgment against them was not extinguished when the bank purchased the properties at foreclosure for less than the total amount of the judgment against them. The Cupples assert that the language of the December 27, 1987, judgment extinguished the entire judgment. The Cupples point to the judgment language which provides that if the bank became a purchaser, it may credit the amount of the bid less the cost of the proceeding upon the judgment "which credit shall be an extinguishment of this judgment."

2.  12 U.S.C. § 2219a(b) provides:

Within 15 days after an institution of the System first elects to sell acquired real estate, or any portion of such real estate, the institution shall notify the previous owner by certified mail of the owner's right—
  (A) to purchase the property at the appraised fair market value of the property, as established by an accredited appraiser; or
  (B) to offer to purchase the property at a price less than the appraised value.

3.  12 U.S.C. § 2219a(d)(1) provides:

If an institution of the System elects to sell or lease acquired property or a portion thereof through a public auction, competitive bidding process, or other similar public offering, the institution shall notify the previous owner, by certified mail, of the availability of the property. Such notice shall contain the minimum amount,

if any, required to qualify a bid as acceptable to the institution and any terms and conditions to which such sale or lease will be subject.

4.  The Cupples argued that they submitted a written offer to purchase the farmland in issue on December 13, 1990. The bank moved to strike this evidence as not part of the district court record. In view of our holdings, we need not rule on this motion.

5.  On September 10, 1991, the bank filed a motion to dismiss in part, arguing that the appeal was moot as to the St. Francis County farmland because the property had been sold, and the Cupples failed to seek a stay of the dismissal of their complaint or attempt to exercise any right of first refusal with respect to the St. Francis County farmland. Because we deny the Cupples' arguments on the merits as to both parcels of land, we need not rule on this motion.

The district court rejected the Cupples' argument, reasoning that the bank obtained an in personam judgment against the Cupples based on promissory notes and mortgages, and that when assets are sold pursuant to such judgment, the judgment is satisfied only to the extent of the sale proceeds and any deficiency survives. Slip op. at 4 (Dec. 13, 1990).

We cannot conclude that the district court erred in so ruling. When the language the Cupples rely on is read in the context of the entire judgment, their argument loses persuasive force. We simply cannot conclude that the language referred to extinguished the entire judgment. Such a result would be contrary to Arkansas law, which clearly contemplates that when the proceeds of a foreclosure sale are insufficient to satisfy the judgment, the judgment is not extinguished. *See Pulaski Fed. Sav. & Loan Ass'n v. Woolsey*, 242 Ark. 612, 414 S.W.2d 633, 635 (1967). *See also* Ark.Code Ann. § 18–49–103(c) (Michie 1991 Supp.);[6] § 18–49–105 (Michie 1987).[7]

## II.

■ The Cupples next argue that they are entitled to an extinguishment of any deficiency judgment under the Agricultural Credit Act. The Cupples concede that there is no specific provision in the Act which provides for this result, but argue that the intent of the legislature "impliedly contemplates" the extinguishment of a deficiency judgment. The Cupples say that unless the deficiency judgment is extinguished, the purpose of the right of first refusal contained in section 2219a cannot be accomplished, and therefore, the Act preempts state law with respect to outstanding deficiencies.

Along similar lines, the Cupples assert that they have the right to repurchase the property by matching the highest bid under their right of first refusal, or by participating in the public offering under section 2219a(d), and that under either procedure their deficiency judgment is extinguished. They contend that the bank violated section 2219a(b)(5) of the Act by offering to sell the property at a public offering at less than its appraised value, and that the procedure outlined in the bank's November 6, 1990, letter violated section 2219a(d) in that it required them to engage in a bidding war.

As a threshold inquiry to the Cupples' arguments, we must consider whether the Cupples may enforce the rights provided for in section 2219a. After the district court entered its order in this case, this court decided *Zajac v. Federal Land Bank*, 909 F.2d 1181 (8th Cir.1990) (en banc). In that case, we held that there is no implied private cause of action for farmer-borrowers under the Act. *Id.* at 1183.

The Cupples argue that *Zajac* does not bar their arguments because *Zajac* applied only to rights governed by the debt restructuring provisions of the Act and not to the right of first refusal contained in section 2219a. This argument, however, was squarely rejected by this court in *Euerle Farms v. Farm Credit Services*, 928 F.2d 274, 276 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 179, 116 L.Ed.2d 141 (1991).

Alternatively, the Cupples urge us to reconsider our holding in *Zajac* and adopt the reasoning of the *Zajac* dissent. This panel, of course, is not at liberty to do so as we are bound by earlier panel and en banc decisions. Only the court en banc may depart from earlier decisions.

For the foregoing reasons, we affirm the district court's judgment.

---

**6.** Ark.Code Ann. § 18–49–103(c) provides:

In an action on a mortgage or lien, the judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally.

**7.** Ark.Code Ann. § 18–49–105 provides:

If the whole of mortgaged property does not sell for a sum sufficient to satisfy the amount due, an execution may be issued against the defendant as on ordinary judgments.